# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-749V
UNPUBLISHED

| | |
|---|---|
| HAROLD ANDERSON, <br><br>          Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>          Respondent. | Chief Special Master Corcoran <br><br> Filed: March 18, 2022 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Matthew Murphy, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 21, 2021, Harold Anderson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barre Syndrome ("GBS") caused by an influenza ("flu") vaccination administered on October 4, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 9, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On March 16, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $175,000.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $175,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| HAROLD ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 21-749V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 15, 2021, Harold Anderson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered Guillain-Barré Syndrome ("GBS"), as defined in the Vaccine Injury Table, following administration of a seasonal influenza ("flu") vaccine she received on October 4, 2019. Petition at 1. On August 24, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, and on September 9, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 14; ECF No. 15.

## I.      Items of Compensation

Respondent proffers that petitioner should be awarded $175,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.   **Form of the Award**

     Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $175,000.00, in the form of a check payable to petitioner.

III.   **Summary of Recommended Payments Following Judgment**

     Lump sum payable to petitioner, Harold Anderson:             **$175,000.00**

                  BRIAN M. BOYNTON
                  Principal Deputy Assistant Attorney General

                  C. SALVATORE D'ALESSIO
                  Acting Director
                  Torts Branch, Civil Division

                  HEATHER L. PEARLMAN
                  Deputy Director
                  Torts Branch, Civil Division

                  LARA A. ENGLUND
                  Assistant Director
                  Torts Branch, Civil Division

                  *s/ Matthew L. Murphy*
                  Matthew L. Murphy
                  Trial Attorney
                  Torts Branch, Civil Division
                  U.S. Department of Justice
                  P.O. Box 146
                  Benjamin Franklin Station
                  Washington, D.C. 20044-0146
                  (202) 616-4840
                  matthew.murphy@usdoj.gov

DATED:  March 16, 2022

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2